**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| V REAL ESTATE GROUP, INC., a Nevada corporation, *et al.* | ) ) ) | |
| Plaintiff, | ) ) | 2:14-cv-01096-RCJ-CWH |
| vs. | ) ) | **ORDER** |
| UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, *et al.*, | ) ) ) ) ) | |
| Defendant. | ) | |

Before the Court is Plaintiffs' Motion for Preliminary Injunction (ECF No. 5), Defendants' Response to the motion (ECF No. 23), and Plaintiffs' Reply to Defendants' Response (ECF No. 24). For the reasons contained herein, Plaintiffs' motion is DENIED.

**I.   PROCEDURAL HISTORY AND FACTS**

This case arises from the United States Citizenship & Immigration Service's ("USCIS") revocation of various I-526 petitions. The EB-5 immigrant visa category allocates a certain number of visas each year to "qualified special immigrants" who commit a threshold amount of capital to a United States business that either employs or will employ at least ten United States citizens. 8 U.S.C. § 1153(b)(5)(A). An alien entrepreneur seeking a visa under this program prepares and files "on his or her own behalf" an I-526 petition to the USCIS. 8 C.F.R. § 204.6(c). To qualify, the alien entrepreneur must invest at least $1,000,000 into a new commercial

1

1  enterprise ("NCE"), or a minimum of $500,000 if the location of the NCE is considered a Target
2  Employment Area ("TEA"). *Id.* § 204.6(f).  An investor organizing an original business to satisfy
3  the NCE requirement must submit a "comprehensive business plan" detailing the nature and
4  projected size of the NCE so that no fewer than ten jobs will be created. *Id.* § 204.6(j)(4).  The
5  signed I-526 petition along with the accompanying documentation is submitted to the USCIS for
6  review. *Id.* § 204.6(j).  If after the initial review, the USCIS determines that the petition lacks
7  sufficient supporting evidence, it sends a request for additional evidence ("RFE") to the
8  petitioner indicating the need for supplemental documentation.  Once this process is complete,
9  the USCIS makes its determination.
10       If the USCIS approves the I-526 petition, then the immigrant investor may apply for
11  conditional permanent resident status at the United States consular post in the investor's own
12  country. 8 U.S.C. §§ 1201–02, 1186b(a)(1).  The Secretary of Homeland Security retains the
13  right to revoke an approved I-526 petition "at any time, for what he deems to be good and
14  sufficient cause." 8 U.S.C. § 1155.  A revocation of the approval, however, may occur only after
15  notice is given to the self-petitioner and the self-petitioner is provided with "the opportunity to
16  offer evidence in support of the . . . self-petition and in opposition to the grounds alleged for
17  revocation of the approval." 8 C.F.R. § 205.2(b).  The Notice of Intent to Revoke ("NOIR") must
18  explain "the specific reasons" why the approval is being revoked.
19       Steven Lee, a former immigrant investor who received an EB-5 visa years ago and who is
20  now a United States citizen, formed Plaintiff V Real Estate Group, Inc. ("VREG") as a
21  franchising enterprise that would "attract foreign investment and immigrant investors from China
22  who desired to follow [his] example and obtain permanent residence and/or citizenship in the
23  US." (Lee Decl. ¶¶ 4–7, ECF No. 11).  Lee created a business model with the advice of counsel
24

that he believed satisfied the criteria of the EB-5 program. (*Id.* ¶ 8). Lee chose Clark County, Nevada for his operations because parts of Clark County are TEAs, requiring an investment of $500,000 rather than $1,000,000. (*Id.* ¶ 9). Liang Shao, Yongming Hu, Yanzhao Zou, Xiaolong Li, and Haixiang Li (collectively "the alien investors") each used Lee's business plan to establish franchised real estate companies. (*Id.*¶ 10). They then each personally filed I-526 petitions with the USCIS at the end of 2012 or near the beginning of 2013. (Voigtmann Decl. ¶¶ 5, 11, 17, 23, 29, ECF No. 6). Subsequently, the USCIS sent a RFE to each investor seeking supplemental evidence that an NCE had been established in a TEA, that the investment capital was in the process of being invested, and that the capital had been placed "at risk." (RFE 2–4, ECF No. 6-2). Each investor responded to the RFE, and the USCIS approved the I-526 petitions. (Voigtmann Decl. ¶¶ 7, 13, 19, 25, 31). The USCIS forwarded the approved petitions to the National Visa Center for consular processing, but the petitions were returned to the USCIS. (Shao NOIR 2, ECF No. 6-4).

The USCIS then notified the alien investors that their petitions were approved in error. (*See, e.g.*, *id.*). The NOIR stated that because the full $500,000.00 investment would be released from escrow to VREG rather than to the various entities created by the alien investors, the record was insufficient to show that the funds would be made "immediately available to or directly transferred to the NCE[s]." (*Id.* at 3). The NOIR also identified employment creation and the overall business model as causes for the revocation. (*Id.* at 5–7). Plaintiffs seek a preliminary injunction to enjoin the USCIS's revocation of each investor's I-526 petition. Notably, the plaintiffs in the present action consist of the various NCEs created by the alien investors rather than the alien investors themselves, who actually filed the I-526 petitions.

///

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 997 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Whether to grant an injunction is a matter committed to the discretion of the trial judge. *Sierra On-Line, Inc. v. Phx. Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). Preliminary injunctive relief is proper only when the movant shows "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). "Alternatively, a court may grant the injunction if the plaintiff 'demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003) (quoting *Johnson*, 72 F.3d at 1430). Under either approach, plaintiffs seeking preliminary relief must show that irreparable injury is likely in the absence of an injunction, not simply that it is possible. *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 22) (internal quotations omitted). Here, the Court concludes that Plaintiffs failed to allege any harm or injury that would be irreparable without a preliminary injunction. Because the Court finds the second prong of the preliminary injunction analysis to be dispositive in this case, it does not address the other factors.

Plaintiffs' Complaint states that each immigrant investor "capitalized his/her NCE with $500,000 of operating capital" and that VREG anticipates "future economic benefit" through "receiving franchise fees and service and consulting fees from the NCEs." (Compl. ¶¶ 59–60,

1  ECF No. 1).  The Complaint alleges that Defendants' actions caused Plaintiffs "the loss of a
2  central and key component of their business that will seriously compromise their ability to
3  continue in their current form." (*Id.* ¶ 72).  Plaintiffs' also allege that the revocations at issue here
4  "will lead to the destruction of [VREG's] business plan and business model," that the newly
5  created businesses "have all been placed at risk," and that the "very purpose of the businesses
6  has been frustrated." (Pls.'s Mot. Prelim. Inj. 7, ECF No. 5).  When challenged on the issue of
7  irreparable harm by Defendants' Response, Plaintiffs replied that "[t]here can be no
8  disagreement" that Plaintiffs' business model is "substantially compromised," and that VREG's
9  business model would have to be "reconstituted to find potential franchisee investment from
10 non-immigrant investors" or be out of business. (*Id.* at 14–15).

11     Nevertheless, Plaintiffs never explain specifically how Defendants revocation of the alien
12 investor's I-526 petitions actually causes them irreparable harm.  VREG's injury at this point can
13 only be hypothetical in nature.  The alien investors' petition status does not impact VREG's
14 ability to collect franchise fees from the other Plaintiffs, since it has already done so. (Compl.
15 ¶ 29, 35, 41, 47, 53).  The alien investors' physical presence, while clearly preferable to VREG
16 and its business model, is not essential to VREG's continuing operations.  The fact that VREG
17 has additional prospective immigrant investors who are waiting until the resolution of this case to
18 proceed with their own I-526 petitions does not justify a preliminary injunction as to the I-526
19 petitions at issue here.  The independent decision of those third-parties to withhold their
20 investments at the present time does not constitute irreparable injury for the purposes of a
21 preliminary injunction. *See Goldie's Bookstore, Inc. v. Superior Court of Cal.*, 739 F.2d 466, 472
22 (holding that speculative loss of goodwill and customers was insufficient to establish irreparable
23 injury).  Even if Defendants' revocation of the alien investors' petition does "frustrate" VREG's
24

1  business plans, Plaintiffs provide no evidence that the denial of these petitions truly will

2  "destroy" or "seriously compromise" VREG's business.  Further, if VREG suffered any harm

3  from the revocation, there is little support that the harm is irreparable; rather, it appears as if

4  VREG needs to review its current business model to ensure that future petitions are not rejected.

5       The harm suffered by the other plaintiffs seems even less irreparable.  There is no dispute

6  that the various NCEs already received funding by the alien investors' capital and that "the

7  franchise relationship between VREG and [the alien investors' companies] moved forward."

8  (Lee Decl. ¶ 13).  There also appears to be no contention that the alien investors remain in

9  control of those companies notwithstanding the revocation of their petitions.  While it may "defy

10  imagination" that any of the investors would attempt to operate a business in Nevada from a

11  residence in China, (Pls.'s Mot. Prelim. Inj. 19), it remains possible.  Moreover, the fact that the

12  investments were "predicated upon conditional residency in the United States" where the alien

13  investors could "own, manage, and supervise their real estate businesses" does not represent

14  harm to Plaintiffs.  Instead, the alien investors' inability to operate their businesses from Clark

15  County and any disruption to their families, (Voigtmann Decl. ¶ 47), appears to be harm felt by

16  the investors themselves and not by Plaintiffs.

17       The Plaintiffs do not assert that any particular contract or business opportunity has been

18  lost or will be lost because the alien investors are not currently present in Clark County or

19  because they did not receive visas at this time.  As stated, any harm allegedly suffered in this

20  case appears to rest squarely with the alien investors, not Plaintiffs.  It was the alien investors'

21  I-526 petitions that were denied, and it is their capital that paid VREG's franchise fee even

22  though they could not be physically present to manage their NCEs.  That same capital is still in

23  the accounts of the various companies, being applied towards business expenses. (Compl. ¶ 29,

24

1  35, 41, 47, 53). Plaintiffs thus cannot even contend that Defendants' actions caused them to lose

2  initial funding. Accordingly, there is no irreparable injury to Plaintiffs that warrants a

3  preliminary injunction.

4       Plaintiffs' motion is therefore DENIED.

## CONCLUSION

6       IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction (ECF

7  No. 5) is DENIED.

8       IT IS SO ORDERED.

9  Dated: October 15, 2014

_____
ROBERT C. JONES
United States District Judge